UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KATE FARMER,

        Plaintiff,

vs.                           CASE NO. 1:21-cv-0022

CHATTANOOGA CITY COUNCIL and
CITY OF CHATTANOOGA

        Defendants.

## ANSWER

Come now the Defendants, Chattanooga City Council and the City of Chattanooga, by and through counsel, and respectfully Answers the Complaint of Plaintiff Kate Farmer as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

With respect to Plaintiff's specific allegations in the Complaint, Defendants respond as follows:

## PARTIES

1.     Admitted that Plaintiff lives in Guernsey, Wyoming. Admitted that Plaintiff was appointed Treasurer of the City of Chattanooga but denied that is entitled to certain rights and benefits pursuant to the Chattanooga City Charter. Plaintiff's appointment was rescinded by the City Council. To the extent she was ever employed by the City, she was an employee at will.

2.     Admitted.

3.     Admitted.

Page **1** of **10**

Case 1:21-cv-00022-CEA-SKL   Document 10   Filed 02/26/21   Page 1 of 10   PageID #: 42

## JURISDICTION AND VENUE

4. Defendants deny violation of any state or federal law with respect to Plaintiff. Defendants admit this Court has jurisdiction over this matter.

5. Defendants admit venue is proper in this Court.

## FACTS AND BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted.

9. It is admitted that Laura Land informed Plaintiff that the City would offer her a position as Treasurer. Exhibit A speaks for itself and Defendants deny all allegations inconsistent with the express terms thereof. Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10. Exhibit A speaks for itself and Defendants deny all allegations inconsistent with the express terms thereof.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendants are without sufficient information to admit or deny the allegations of paragraph 14 of the Complaint.

15. Admitted.

16. Admitted that Plaintiff received and signed Exhibit B. Exhibit B speaks for itself and Defendants deny all allegations inconsistent with the express terms thereof.

17. Admitted that Plaintiff received and signed Exhibit C. Exhibit C speaks for itself

and Defendants deny all allegations inconsistent with the express terms thereof.

18. Admitted.

19. Exhibit D speaks for itself and Defendants deny all allegations inconsistent with the express terms thereof.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Mr. Elliott's report speaks for itself and Defendants deny all allegations inconsistent with the express terms thereof. It is admitted Mr. Elliott did not interview Mrs. Farmer directly during his investigation.

25. Admitted.

26. Admitted.

27. It is admitted Mrs. Farmer emailed Mayor Berke on May 14, 2014. It is denied this constitutes an appeal of termination under City policy.

28. Admitted.

29. Defendants are without information sufficient to admit or deny the allegations of paragraph 29 of the Complaint.

30. Defendants are without information sufficient to admit or deny the allegations of paragraph 30 of the Complaint.

## COUNT I- BREACH OF CONTRACT

31. Defendants incorporate by reference and restate their responses to paragraphs 1-30 of the Complaint.

32. Admitted. It is denied this offer of employment constituted a contract of employment for any specific term or that Plaintiff's employment was anything other than "at will".

33. Admitted that Plaintiff accepted an offer of employment. It is denied this offer of employment constituted a contract of employment for any specific term or that Plaintiff's employment was anything other than "at will".

34. Denied.

35. Denied.

36. The Charter Appointment Acknowledgement Form speaks for itself and Defendants deny any allegations inconsistent with the express terms thereof. It is denied this form has application to Plaintiff's situation or creates any property rights in her employment or established certain due process rights for Plaintiff in her employment.

37. It is admitted the decision to rescind the appointment was made by the City Council and not Mayor Berke. All other allegations of paragraph 37 are denied.

38. Admitted that the City Council rescinded their confirmation of appointment. All other allegations of paragraph 38 are denied.

39. Denied.

### COUNT II- DETRIMENTAL RELIANCE AND PROMISSORY ESTOPPEL

40. Defendants incorporate by reference and restate their responses to paragraphs 1-39 of the Complaint.

41. It is admitted City made an offer of employment that was accepted by Plaintiff. All other allegations are legal conclusions which are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT III- UNJUST ENRICHMENT

46. Defendants incorporate by reference and restate their responses to paragraphs 1-45 of the Complaint.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT IV- DECLARATORY RELIEF- VIOLATION OF CITY CHARTER

51. Defendants incorporate by reference and restate their responses to paragraphs 1-50 of the Complaint.

52. Section 8.33 of the Charter speaks for itself and Defendants deny any allegations inconsistent with the express terms thereof. Defendants deny Section 8.33 of the Charter applies to this situation or that it has been breached with respect to Plaintiff.

53. Admitted.

54. Denied.

55. Denied.

## COUNT V- DECLARATORY RELIEF- VIOLATION OF CITY CODE AND CITY CHARTER

56. Defendants incorporate by reference and restate their responses to paragraphs 1-55 of the Complaint.

57. Chapter V, Section 3.79 of the City Charter speaks for itself and Defendants deny any allegations inconsistent with the express terms thereof. Defendants deny Chapter V, Section

3.79 of the City Charter applies to this situation or that it has been breached with respect to Plaintiff.

58. It is denied that Plaintiff was not afforded the opportunity to be heard prior to the decision to rescind the conformation of her employment. It is admitted that Plaintiff was a probationary employee under City policy with no property rights in her employment. Plaintiff was an at will employee with no right to any specific period or term of employment or any hearing or other due process rights in her employment.

59. Denied.

**COUNT VI- DECLARATORY RELIEF- VIOLATION OF DUE PROCESS RIGHTS**

60. Defendants incorporate by reference and restate their responses to paragraphs 1-59 of the Complaint.

61. Admitted that Plaintiff emailed Mayor Berke two days after the rescission of her appointment. All other allegations of paragraph 61 are denied.

62. Mayor Berke's written response speaks for itself and Defendants deny all allegations inconsistent with the express terms thereof.

63. Denied. Plaintiff had no appeal rights as a probationary employee.

64. Denied.

65. Admitted that Plaintiff filed a Notice of Appeal with the clerk of the City Council on June 26, 2020.

66. Correspondence from the City Attorney speaks for itself and Defendants deny any allegations inconsistent with the express terms thereof.

67. This paragraph contains legal conclusions which do not require a response from Defendants. To the extent factual content is asserted, Defendants deny those allegations.

68. This paragraph contains legal conclusions which do not require a response from Defendants. To the extent factual content is asserted, Defendants deny those allegations.

69. This paragraph contains legal conclusions which do not require a response from Defendants. To the extent factual content is asserted, Defendants deny those allegations.

70. Denied.

## COUNT VIII- EQUITABLE ESTOPPEL

71. Defendants incorporate by reference and restate their responses to paragraphs 1-70 of the Complaint.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Defendants deny all allegations of the Complaint not specifically admitted.

78. Defendants reserve the right to amend this Answer as discover warrants.

## THIRD DEFENSE

Plaintiff was an at will employee with no property rights in her employment, including without limitation, any rights to employment for a specific term; any rights for notice prior to termination; any rights to be heard regarding her termination; any rights of appeal her termination; or any due process rights in her employment or related to her termination.

## FOURTH DEFENSE

Pursuant to Section J of the City of Chattanooga Employee Information Guide, Immediately upon employment, all civilian employees enter a six (6) months probationary period.

Pursuant to this policy which applied to Plaintiff as a civilian employee, she, as a new hire probationary employee was not entitled to any due process hearings with respect to her discharge. The EIG expressly provides that such six month new employee probationary status applies to all civilian employees and city officers, whether hired or appointed.

## FIFTH DEFENSE

In the alternative, in the event Plaintiff had any right of appeal under any City policy, she did not timely exercise that right and therefore forfeited any such appeal right.

## SIXTH DEFENSE

Plaintiff had no contract of employment with any Defendants. Plaintiff has no right to recover attorney's fees or any alleged moving or other expenses.

## SEVENTH DEFENSE

Plaintiff did not reasonably rely on any representation of Defendants to her detriment. Defendants were not unjustly enriched as a result of their interactions with Plaintiff, but in fact suffered loss as a result of the situation.

## EIGHTH DEFENSE

The City Council is not a separate legal entity from the City of Chattanooga and is not a proper party to this lawsuit.

WHEREFORE, the Defendants pray that the above-entitled action be dismissed with prejudice with costs taxed to Plaintiff and that the Court grant them such other relief as appropriate.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE


By: ___s/___ Joseph A. Kelly_____
    JOSEPH A. KELLY – BPR #14921
    MELINDA J. FOSTER – BPR #28769
    *Assistant City Attorneys*
    PHILLIP A. NOBLETT – BPR # 10074
    *City Attorney*
    100 E. 11th Street, Suite 200
    Chattanooga, Tennessee 37402
    (423) 643-8250 (Telephone

    (423) 643-8255 (Facsimile)


GEARHISER, PETERS, ELLIOTT & CANNON, PLLC


By: ___s/___ Sam D. Elliott_____
    SAM D. ELLIOTT – BPR #09431
    320 McCallie Avenue
    Chattanooga, TN 37402
    (423) 756-5171

    *Attorneys for Defendants Chattanooga City Council and City of Chattanooga*

Page **9** of **10**

Case 1:21-cv-00022-CEA-SKL   Document 10   Filed 02/26/21   Page 9 of 10   PageID #: 50

# CERTIFICATE OF SERVICE

    This is to certify that the undersigned has this day served a true and correct copy of the foregoing pleading by depositing same in the United States mail, postage prepaid, and addressed to the following:

Janie Parks Varnell
DAVIS & HOSS, P.C.
850 Fort Wood Street
Chattanooga, Tennessee 37403

    This 26th day of February, 2021.

                                            s/ Phillip A. Noblett
                                            PHILLIP A. NOBLETT

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
(423) 643-8255 - Fax
pnoblett@chattanooga.gov