UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KATE FARMER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | 1:21-cv-00022 |
| v. | * | |
| | * | |
| CHATTANOOGA CITY COUNCIL | * | ATCHLEY/LEE |
| And | * | |
| CITY OF CHATTANOOGA, | * | |
| | * | |
| Defendants. | * | |

## BRIEF IN SUPPORT OF MOTION TO REMAND

COMES NOW, the Plaintiff, Kate Farmer ("Farmer"), by and through counsel, and hereby files this Brief in Support of Motion to Remand.

### Introduction and Procedural History

On January 6, 2021, Farmer filed a Verified Complaint for Damages and Declaratory Judgment in Hamilton County Chancery Court against the Defendants, City of Chattanooga and the Chattanooga City Council ("Defendants"). The basis of the Complaint surrounds Farmer's former employment with the City of Chattanooga as the City Treasurer. Farmer asserts the Defendants breached a contract for her employment, the basis of which is Tennessee common law, and that the City of Chattanooga violated its own policies, City Charter and City Code when it terminated her employment without notice and the opportunity to be heard. At no point in Ms. Farmer's Complaint does she allege a violation of any federal law against the Defendants. Farmer's causes of action rely entirely on Tennessee state law and common law.

1

## Procedural History

The Defendants filed a Notice of Removal on February 12, 2021 alleging removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. The Defendants assert that "the Plaintiff alleges that Defendants violated her due process as provided by federal law pursuant to 42 U.S.C. § 1983." *See* Doc. 1, p. 2.

The Plaintiff's Complaint asserts the following causes of action:

Count I: Breach of Contract (Tennessee Common Law)

Count II: Detrimental Reliance & Promissory Estoppel (Tennessee Common Law)

Count III: Unjust Enrichment (Tennessee Common Law)

Count IV: Declaratory Relief – Violation of Chattanooga City Charter

Count V: Declaratory Relief – Violation of City Code and City Charter

Count VI: Declaratory Relief – Violation of Due Process Rights

Count VII: Equitable Estoppel – (Tennessee Common Law)

Upon information and belief, the Defendants base their removal on Count VI: Violation of Due Process Rights. A close reading of Count VI, however, shows that Farmer is seeking declaratory action form the Court by asserting she had a due process right to her employment *as guaranteed by the Chattanooga City Code, City Charter, and Employment Policies*. Farmer further illustrates the due process rights City employees possess, including the right to be heard prior to termination and the right to appeal that termination. Further, Farmer possessed other rights given her status as an "appointed" city employee. Farmer has not alleged that the City violated any rights as guaranteed by the United States Constitution. Farmer has cited to all local and state authority including Tennessee cases, Tennessee Common Law, and City of Chattanooga City Code, City Charter, and Employment Policies.

## Law and Analysis

Federal question jurisdiction is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). A federal question is presented when the complaint invokes federal law as the basis for relief. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 12, 123 S.Ct. 2058, 2065 (2003). The well-pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.* at 12, citing *Caterpillar*, 482 U.S. at 392 (1987). Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *Anderson*, 539 U.S. at 12, citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

It is the removing party's burden to show that the district court has jurisdiction in a case, and all doubts are resolved in favor of remand. *Meadows v. Douglass*, No. 3:20-cv-00355, 2020 WL 23119784 at *2 (M.D. Tenn. May 11, 2020), citing *Smith v. Nationwide Prop. Cas. Ins. Co.*, 505 F.3d 401, 404 (6th. Cir. 2007). After a case has been removed from state court, a district court must remand if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

**Under the well-pleaded complaint rule, Farmer's Complaint does not allege any causes of action under federal law.**

A suit arises under federal law only if the Complaint 1) states a federal cause of action, 2) pleads state claims depending on a substantial and disputed issue, 3) raises state claims so completely preempted that they are really federal or 4) artfully pleads state claims that are at bottom federal claims in disguise. *Dillon v. Medtronic*, 992 F.Supp.2d 751, 758-59 (E.D. Ken. 2014), citing *Ohio ex rel. Skaggs v. Brunner,* 629 F.3d 527, 530 (6th. Cir. 2010).

### i. Federal Cause of Action.

Farmer's Complaint alleges no federal cause of action. All citations to authority are to Tennessee statutes and common law, as well as City of Chattanooga City Code, Charter, and Employee Policies. There is not a single citation to a federal statute in Farmer's Complaint and she relies entirely on state and local law to establish the elements of each cause of action.

The basis for the City's removal is Farmer's use of "due process rights" in Count VI. Allegations of violations of "due process" do not present a claim under the federal constitution where there is no explicit reference to the United States Constitution contained in the Complaint. *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d. 1, 10-11 (1st. Cir. 2016).

A careful reading of Count VI in Farmer's Complaint outlines the procedure the City has enacted for appealing a termination of city employment. It also discusses the City's appeal process of a hearing before an Administrative Law Judge in Tennessee. Further, it states in Paragraph 70 as follows:

> "The City acted in violation of its own Charter, Code, and policies when it refused to allow Mrs. Farmer's appeal to proceed to an Administrative Law Judge."

*See* Doc. 1-2, p. 10. The Defendants misread and misinterpret the allegations in Count VI. Not only does Count VI not cite to any federal authority, it also does not implicate it. The City of Chattanooga Code, Charter, and employment policies are the only authority under which Farmer alleges violations to her due process rights as a City of Chattanooga employee. Farmer does not cite to the United States Constitution or any of its Amendments.

### ii. Substantial Federal Question.

None of the causes of action asserted in Farmer's Complaint depend on "embedded issues of federal law." Farmer was an employee of the City of Chattanooga who is bound by its City Code, City Charter, and the Employee Information Guide it provides to its employees. Farmer's

employment with the City of Chattanooga is not governed by federal law, and she has not asserted any federal questions in the Complaint.

    iii.    **Complete Preemption.**

Complete Preemption occurs when federal law completely occupies the subject matter alleged in the Complaint that any state claim in that subject matter is really, from the outset, a federal claim. *Caterpillar*, 482 U.S. at 393. In this case, the employment practices of the City of Chattanooga would have to be completely occupied by federal law in order for complete preemption to apply. That is simply not the case. The City of Chattanooga manifests its employees with certain rights to appeal disciplinary actions and terminations. The method of that appeal is first to a Tennessee Administrative Law Judge and second to a Chancellor in the Hamilton County Chancery Court. Aside from discrimination cases or whistleblower cases, employment disputes within the City of Chattanooga are largely litigated pursuant to the Administrative Procedures Division or Hamilton County Chancery Court. Complete Preemption is not applicable in the present case.

    iv.    **Artful Pleading.**

State law claims might support federal question jurisdiction if they are really federal claims in disguise. Jurisdiction based on a strategically pled complaint is only possible when the plaintiff's claims "actually implicate a federal cause of action" that might have been invoked absent artful pleading. *Dillon*, 992 F.Supp.2d at 760, citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, at 561 (6th. Cir. 2007).

Farmer's Complaint has not been artfully pled because Farmer's claims do not actually implicate a federal cause of action. Farmer has alleged a breach of contract, equitable estoppel, detrimental reliance, promissory estoppel, and unjust enrichment all pursuant to Tennessee statutes

and common law. Further, Farmer seeks declaratory relief from the Chancery Court on whether the City of Chattanooga violated its own City Code, City Charter and Employment Policies when it terminated Farmer without the opportunity to be heard. None of these causes of action implicate a federal cause of action.

## Conclusion

For the foregoing reasons, Farmer's Motion for Remand should be GRANTED as this Court does not possess subject matter jurisdiction over this matter. Farmer asserts only Tennessee state law and Tennessee common law claims against the Defendants.

Respectfully Submitted,

**DAVIS & HOSS, P.C.**


s/Janie Parks Varnell
Janie Parks Varnell, TN BPR #031256
Edith Logan Davis, TN BPR # 038138
*Attorneys for Kate Farmer*
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687 – facsimile
janie@davis-hoss.com
logan@davis-hoss.com

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

       This 2nd day of March 2021.

       **/s/ Janie Parks Varnell**
       JANIE PARKS VARNELL